### Ida B. Stratton v. Achsa Stratton et al.

1. CHANCERY PRACTICE—*The Proofs Must Sustain the Bill.*—When the allegations of the bill are not sustained by the proofs a decree dismissing the bill is proper.

**Bill to Set Aside a Conveyance.**—Trial in the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding. Decree dismissing the bill; error by complainant. Heard in this court at the May term, 1899. Affirmed. Opinion filed July 20, 1899.

THOS. P. BONFIELD, attorney for plaintiff in error.

WILLIAM R. HUNTER, attorney for defendants in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On May 4, 1894, Jonathan P. Stratton made a deed conveying certain property in fee in the city of Momence, Illinois, to his daughters, Achsa Stratton and Emma Freeman. He had been twice married and they were daughters of his first wife. By his second marriage he had three children, Perry, John and Ida B. Stratton. On March 21, 1895, after the death of their father, Perry and John Stratton filed a bill in chancery against said Achsa Stratton, Emma Freeman and Ida B. Stratton to set aside said conveyance

on the grounds that their father was at the time of its execution of unsound and impaired mind, and that the grantees therein had used undue influence and fraudulent practices to secure the same.

The defendants Achsa Stratton and Emma Freeman answered the bill, admitting the execution of the deed, but denying all the other material allegations concerning the same. The defendant Ida B. Stratton, by her guardian *ad litem*, having answered said bill, filed her cross-bill against Achsa Stratton and Emma Freeman, in which she averred that said real estate was conveyed to said defendants upon the verbal condition that they execute and deliver their promissory note, payable to said Ida B. Stratton when she should arrive at the age of eighteen years, for one-third of the sum of $2,000, which was the value fixed upon the premises so conveyed to said defendants, with interest at the rate of six per cent per annum from date, and that said defendants accepted said deed upon such conditions. Said defendants answered the cross-bill denying that said conveyance was made or accepted by them upon the conditions named, but averring that their father deeded said premises to them to compensate them for certain money advanced to him many years before by their mother.

Before the trial of the cause the death of Emma Freeman was suggested, and her two children, Albert P. Freeman and Harold W. Freeman, were made parties defendant.

The case was referred to the master to report the evidence and afterward, upon a hearing, the court dismissed both the original bill and the cross-bill for want of equity. The cause is brought here on a writ of error by the complainant in the cross-bill, and the only question presented to this court is whether the proofs sustain the allegations contained in the cross-bill.

It does not appear from the evidence that the defendants in the cross-bill were present when the deed was made, nor that any conditions were imposed upon them, or agreed to by them, when they received it. It does appear, however, that some time afterward Mr. Stratton sought to procure a

reconveyance from one of the daughters at least.   This she refused to make, and he afterward said to another person that it was all right, he would not take the reconveyance, but that " the girls would make a note to Ida," but there is no evidence that the grantees, or either of them, assented to this statement.

We hold the allegations of the cross-bill were not sustained by the evidence, and the court below properly dismissed the same.   Decree affirmed.